# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**RANDY HETRICK and**
**CINDY HETRICK,**

     **Plaintiffs,**

**v.**                                **Case No.  8:07-cv-871-T-30TBM**

**IDEAL IMAGE DEVELOPMENT**
**CORPORATION,**

     **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint and Supporting Memorandum of Law (Dkt. #9), Plaintiffs' Opposition to Defendant's Motion to Dismiss (Dkt. #15), and Defendant's Reply Memorandum in Support of Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. #21). The Court, having considered the motion, response, reply, memoranda of both parties, Plaintiffs' First Amended Complaint and exhibits attached thereto, and being otherwise advised in the premises, finds that Defendant's motion should be granted without prejudice.

In Plaintiffs' First Amended Complaint, Plaintiffs bring four (4) causes of action against Defendant alleging: Count I - Violation of Florida's Franchise Act; Count II - Violation of Florida's Deceptive and Unfair Trade Practices Act; Count III - Fraudulent Inducement; and Count IV - Negligent Misrepresentation. In support of Defendant's motion to dismiss, Defendant argues, in pertinent part: (i) Plaintiffs' claims are derivative of the

corporate franchisee's claims; (ii) Plaintiffs lack standing under Florida's Franchise Act because they are not "doing business in Florida" as required by statute in order to bring a civil action under §817.416(1)(a) and (3); (iii) Plaintiffs have not alleged sufficient facts to state a cause of action under the Florida Deceptive and Unfair Trade Practices Act; and (iv) Plaintiffs fail to state a common law claim because they have not alleged an injury distinct from that suffered by the corporate franchisee.

Plaintiffs seek to bring this case in their individual capacities. The amended complaint appears to concern business negotiations concerning the establishment of a franchise agreement by and between the Plaintiffs, CIRCA Corporation, and/or Defendant. Plaintiffs allege that, prior to entering into the franchise agreement, Defendant made numerous misrepresentations to them regarding the chances of success and failed to disclose material information regarding the total investment required for the franchise. Plaintiffs fail to allege, however, whether the franchise agreement was signed by them in their individual capacities, or in the name of CIRCA Corporation. Further, Plaintiffs have not attached a signed copy of the franchise agreement at issue.

In order to bring an action for a violation under the Florida Franchise Act, a franchise or distributorship must have been sold or established.[1] Plaintiff has simply alleged that a franchise agreement was signed in Tampa, but does not allege: (1) whether the agreement was signed by Plaintiffs individually, or in the name of CIRCA Corporation; (2) the date the

---

[1] Section 817.416(2)(a), *Florida Statutes* (2006).

agreement was entered into; or (3) the specific terms of the agreement.  Plaintiffs' allegations concerning the establishment of the franchise at issue are so vague or ambiguous that it is impossible for this Court to determine whether Plaintiffs have standing to bring this action, or if their claims are derivative of CIRCA Corporation's claims.  Accordingly, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, the Court finds that Plaintiffs' First Amended Complaint should be dismissed without prejudice.

It is therefore ORDERED AND ADJUDGED that:

1.    Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint and Supporting Memorandum of Law (Dkt. #9) is GRANTED without prejudice.

2.    Plaintiff shall have twenty (20) days from the date of the entry of this Order to file a second amended complaint in order to plead a more definite statement, and attach a copy of the franchise agreement at issue.

**DONE** and **ORDERED** in Tampa, Florida on September 18, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>**Copies furnished to:**</u>
Counsel/Parties of Record

S:\Odd\2007\07-cv-871.mtd 9.wpd