**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| RANDY HETRICK, individually, and CINDY HETRICK, individually, <br><br> Plaintiffs, <br><br> v. <br><br> IDEAL IMAGE DEVELOPMENT CORPORATION, a Florida Corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) Case No. 8:07-cv-00871-JSM-TBM ) ) ) ) ) |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO COUNTS III AND V OF PLAINTIFFS' THIRD AMENDED COMPLAINT**

Defendant Ideal Image Development Corporation ("**Ideal Image**"), by its undersigned counsel, answers Count III and V of Plaintiffs' Third Amended Complaint [DKT 40], as follows:

1. Ideal Image lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1.

2. Ideal Image lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2.

3. Ideal Image admits the allegations contained in paragraph 3.

4. Ideal Image denies as untrue that all conditions precedent to this action have occurred, and further avers that Plaintiffs have suffered no injury in their individual capacity.

5. Ideal Image admits the allegations contained in paragraph 5.

6. Ideal Image denies as untrue the allegations contained in paragraph 6, except that Ideal Image admits that Plaintiffs discussed a franchise opportunity with Ideal Image at various times in February and March of 2004 prior to the execution of the Franchise Agreement attached as Exhibit "B" to the Third Amended Complaint.

7. Ideal Image denies as untrue the allegations contained in paragraph 7.

8. Ideal Image lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 8.

9. Ideal Image denies as untrue the allegations contained in paragraph 9.

10. Ideal Image denies as untrue the allegations contained in paragraph 10, except that Ideal Image admits that a UFOC is attached to the Third Amended Complaint as Exhibit "A."

11. Ideal Image denies as untrue the allegations contained in paragraph 11.

12. Ideal Image denies as untrue that it made earnings claims to Plaintiffs in violation of the referenced rules.

13. Ideal Image denies as untrue the allegations contained in paragraph 13, except that Ideal Image admits that Plaintiffs discussed a franchise opportunity with Ideal Image at various times in February and March of 2004 prior to the execution of the Franchise Agreement attached as Exhibit "B" to the Third Amended Complaint.

14. Ideal Image denies as untrue the allegations contained in paragraph 14.

15. Ideal Image denies as untrue the allegations contained in paragraph 15.

16. Ideal Image denies as untrue the allegations contained in paragraph 16.

17. Ideal Image denies the allegations contained in paragraph 17, except that Ideal Image admits that Plaintiffs discussed a franchise opportunity with Ideal Image at various times in February and March of 2004 prior to the execution of the Franchise Agreement attached as Exhibit "B" to the Third Amended Complaint.

18. Ideal Image denies as untrue the allegations contained in paragraph 18.

19. Ideal Image denies as untrue the allegations contained in paragraph 19.

20. Ideal Image denies as untrue the allegations contained in paragraph 20, except that Ideal Image admits that the Franchise Agreement attached to the Third Amended Complaint as Exhibit "B" was executed on behalf of CIRA Corporation.

21. Ideal Image denies as untrue the allegations contained in paragraph 21.

## COUNT III

44. Ideal Image hereby incorporates by reference its responses to paragraphs 1 through 21 as though fully set forth herein.

45.-59. Ideal Image denies as untrue the allegations contained in paragraphs 45 through 59.

## COUNT V

69. Ideal Image hereby incorporates by reference its responses to paragraphs 1 through 21 as though fully set forth herein.

70.-84. Ideal Image denies as untrue the allegations contained in paragraphs 70 through 84.

## AFFIRMATIVE DEFENSES

A.  Plaintiffs lack standing to bring Counts III and V of the Third Amended Complaint.  Plaintiffs have suffered no injury in their individual capacity, as they have suffered no injury separate and distinct from that suffered by CIRA Corporation.

B.  Plaintiffs' alleged reliance on representations made by representatives of Ideal Image was unreasonable and unjustified as a matter of law.  Contemporaneously with signing the Franchise Agreement on behalf of CIRA Corporation, Plaintiffs executed Franchise Compliance Questionnaires, certifying that no agent of Ideal Image had "made any statements or promises concerning the revenues, profits or operating costs of an Ideal Image franchise," "concerning the amount of money [Plaintiffs] may earn in the operating of an Ideal Image franchise," or concerning "the likelihood of success that [Plaintiffs] should or might expect to achieve from operating an Ideal Image franchise." (*See* Exhibit "B" to Third Amended Complaint, pp. 62, 65).

C.  Counts III and V are barred by the doctrine of estoppel.  By executing and delivering the Franchise Compliance Questionnaires, Plaintiffs certified that they were relying on no representations made by Ideal Image in connection with signing the Franchise Agreement on behalf of CIRA Corporation.  Ideal Image relied to its detriment on Plaintiffs' acknowledgments and disclaimers, and would not have countersigned the Franchise Agreement but for the certifications set forth in the Franchise Compliance Questionnaires. (*See* Exhibit "B" to Third Amended Complaint, pp. 62, 65).

D.  Plaintiffs' claims are barred, in whole or in part, by conduct constituting waiver and estoppel.  Having knowledge of the factual matters alleged in the Third

Amended Complaint, Plaintiffs executed personal guarantees on behalf of CIRA Corporation in favor of third-party vendors to CIRA Corporation.

E. Plaintiffs' claim for negligent misrepresentation is barred, in whole or in part, by Plaintiffs' comparative negligence. Even assuming Plaintiffs relied on the unauthorized oral representations, as alleged in the Third Amended Complaint, Plaintiffs' own negligence was a legal cause of their alleged injury or damage.

F. The injuries and damages alleged in the Third Amended Complaint were not the direct or proximate results of any action or inaction attributable, either directly or otherwise, to Ideal Image. Any purported damages to Plaintiffs was the results of Plaintiffs' own negligence and/or the acts or omissions of entities other than Ideal Image and over whom Ideal Image had neither control nor responsibility.

G. Plaintiff's recovery against Ideal Image, if any, should be set off or credited against the amount Ideal Image is entitled to recover from Plaintiffs pursuant to Section 501.2105, Florida Statutes, as the prevailing party on Plaintiffs' claim under the Florida Deceptive and Unfair Trade Practices Act.

H. Ideal Image reserves the right to file such additional affirmative defenses as may become apparent during the course of discovery.

**WHEREFORE**, Defendant Ideal Image respectfully requests that judgment be entered in its favor, with costs and fees assessed in its favor.

    s/ S. Douglas Knox
Ronald S. Holliday
Florida Bar No. 612677
ronald.holliday@dlapiper.com
S. Douglas Knox
Florida Bar No. 849871
douglas.knox@dlapiper.com
**DLA PIPER US LLP**
101 East Kennedy Boulevard, Suite 2000
Tampa, Florida 33602
(813) 229-2111
(813) 229-1447 (fax)
**Attorneys for Defendant Ideal Image Development Corporation**

## CERTIFICATE OF SERVICE (electronic filing)

**I HEREBY CERTIFY** that on May 12, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to Ronald S. Holliday, S. Douglas Knox, F. Wallace Pope, Jr., and Kimberly Sharpe. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: none.

    s/ S. Douglas Knox
Attorney