```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION

RANDY HETRICK and CINDY
HETRICK,

        Plaintiffs,

v.                             Case No.  8:07-cv-871-T-33TBM

IDEAL IMAGE DEVELOPMENT
CORPORATION,

        Defendant.
_____/
```

**ORDER**

This matter comes before the Court pursuant to "Defendant's Motion to Reconsider, Alternative Request to Certify an Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b), and Incorporated Memorandum of Law" (Doc. # 96), which was filed on December 16, 2008.  Plaintiffs filed their "Response and Memorandum of Law in Opposition to Motion to Reconsider and Alternative Request to Certify an Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)" (Doc. # 99) on December 24, 2008.  In addition, on December 23, 2008, Defendant filed its "Notice of Supplemental Authority" (Doc. # 98), citing <u>Desantis v. Kahala Corp., Inc.</u>, Case No. 08-cv-752, 2008 U.S. Dist. LEXIS 99336 (D.N.J. Dec. 9, 2008).

**I.   Background**

Plaintiffs Cindy and Randy Hetrick (hereafter "the Hetricks") filed suit against Defendant Ideal Image

Development Corporation (hereafter "Ideal Image"), on April 26, 2007, in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. (Doc. ## 1, 2). Among other things, the Hetricks alleged that Ideal Image made material misrepresentations to them which induced them to invest their money (approximately $170,000) into Ideal Image's franchise business. (Doc. # 2 at ¶ 16).

On May 21, 2007, Ideal Image removed this case to this Court on the basis of complete diversity of citizenship pursuant to 28 U.S.C. § 1332. (Doc. # 1). After successive motions to dismiss, the Hetricks' Third Amended Complaint emerged as the operative complaint, with only complaint counts III and V remaining. (Doc. # 40). On May 12, 2008, Ideal Image filed its answer to counts III and V of the Third Amended Complaint and asserted seven affirmative defenses thereto. (Doc. # 58).

On September 2, 2008, Ideal Image filed its motion for summary judgment. (Doc. # 70). On October 6, 2008, the Hetricks filed a response in opposition to Ideal Image's motion for summary judgment. (Doc. # 81). Thereafter, on October 14, 2008, Ideal Image filed its reply memorandum in support of its motion for summary judgment. (Doc. # 86).

One of the issues that Ideal Image framed in its motion

for summary judgment is whether the Hetricks, individually, have standing to sue Ideal Image. Specifically, Ideal Image asserted in its motion for summary judgment that the Hetricks did not suffer direct, individual injuries and that the Hetricks lack standing to recover damages because any injuries suffered were suffered by the Hetricks' corporation, CIRA Corp., not the Hetricks as individuals.

On December 13, 2008, this Court entered an order denying Ideal Image's motion for summary judgment. (Doc. # 90). On the issue of standing, this Court determined that the Hetricks "have standing to pursue damages" against Ideal Image for "alleged misrepresentations" made to the Hetricks prior to the Hetricks' formation of CIRA Corp. (Doc. # 90 at 32).

Ideal Image's motion for reconsideration, asserted pursuant to Rule 60(b), Fed.R.Civ.P., seeks an order finding that the Hetricks, individually, lack standing to pursue damages against Ideal Image as asserted in counts III and V of the Third Amended Complaint. (Doc. # 96). In the alternative, Ideal Image seeks an order certifying the issue of the Hetricks' standing for an interlocutory appeal to the Eleventh Circuit pursuant to 28 U.S.C. § 1292(b). For the reasons that follow, this Court denies Ideal Image's motion for reconsideration and denies Ideal Image's request for a Section

3

1292(b) certification.

## II. Analysis

### A. Rule 60 Motion for Reconsideration

Federal Rule of Civil Procedure 60(b) states:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Furthermore, the provisions of Rule 60(b), Fed.R.Civ.P., "are mutually exclusive, meaning a movant cannot offer reasons for relief under the Rule 60(b)(6) motion that could otherwise be considered under one of the more specific provisions of Rule 60(b)(1)-(5)." Lender v. Unum Life Ins. Co. of America, 519 F. Supp. 2d 1217, 1223 (M.D. Fla. 2007). A district court has power pursuant to Rule 60(b), Fed.R.Civ.P., to vacate or

set aside a judgment or other order "whenever such action is appropriate to accomplish justice." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984).

In the present case, Ideal Image does not discuss any of the first five grounds for relief under Rule 60(b), Fed.R.Civ.P., including mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud; void judgment; or satisfaction. Rather, Ideal Image asserts that this Court misapplied Florida law regarding the Hetricks' standing. Therefore, this Court will construe Ideal Image's motion as a motion under Rule 60(b)(6), Fed.R.Civ.P.

Rule 60(b)(6), Fed.R.Civ.P., is a catchall provision stating that a court may relieve a party from a judgment or order for any "reason that justifies relief." Id. The Eleventh Circuit has repeatedly held that relief under Rule 60(b)(6), Fed.R.Civ.P., should be granted only upon a showing of extraordinary circumstances. Enwonwu v. Trans Union, LLC, 164 F. App'x 914, 919 (11th Cir. 2006); Booker v. Singletary, 90 F.3d 440, 442 (11th Cir. 1996). In addition, the Eleventh Circuit requires the movant to "do more than show that a grant of its motion might have been warranted. The movant must demonstrate a justification for relief so compelling that the district court was required to grant the motion." Olmstead v.

Humana, Inc., 154 F. App'x 800, 805 (11th Cir. 2005).

Ideal Image reiterates its unsuccessful contentions previously asserted in its motion for summary judgment. Furthermore, Ideal Image has not presented this Court with dispositive case law or arguments that convince this Court that it reached an incorrect conclusion on the issue of the Hetricks' standing.  Ideal Image furnished a non-binding New Jersey case in support of its motion for reconsideration as a notice of supplemental authority: Desantis v. Kahala Corp., Inc., Case No. 08-cv-752, 2008 U.S. Dist. LEXIS 99336 (D.N.J. Dec. 9, 2008). (Doc. # 98).

While the Desantis case discusses standing in the context of a franchise misrepresentation case, the Desantis case does not influence this Court's reasoning.  In the Desantis case, the court dismissed an individual plaintiff's claims against a franchisor upon the franchisor's motion to dismiss after determining that the individual plaintiff lacked standing. Id. at *1.  The individual plaintiff owned and operated a New Jersey limited liability company: "A Team."  Id.

In the Desantis case, the court determined, "All of the allegations that Plaintiff have [sic] set forth relate to actions that A Team undertook, rather than his own conduct. In fact, the alleged fraud perpetrated by Defendants was

6

committed upon A Team." Id. at *3.  Apparently absent from the allegations in the Desantis case was the allegation that the franchisor made misrepresentations to the individual plaintiff prior to the formation of A Team.  In the present case, the Hetricks survive Florida's test for standing, the "gravamen test" because the Hetricks allege that Ideal Image made material misrepresentations to them and fraudulently induced them to make an investment prior to the formation of CIRA Corp.[1]  On this point, the Desantis case, decided under New Jersey law, is not helpful.

This Court has considered Ideal Image's position and has examined and re-examined Ideal Image's arguments and case citations.  However, after so doing, this Court reaches the same conclusion that it reached in rendering its decision on Ideal Image's motion for summary judgment: that the Hetricks have standing to pursue their claims against Ideal Image as asserted in counts III and V of the Third Amended Complaint.

Accordingly, this Court denies Ideal Image's request for reconsideration asserted pursuant to Rule 60(b)(6), Fed.R.Civ.P.

### B. 28 U.S.C. § 1292(b) Certification

---

[1] The gravamen test is set forth in Citizens Nat'l Bank v. Peters, 175 So. 2d 54, 56 (Fla. 2d DCA 1965).

7

In the alternative to seeking reconsideration of this Court's ruling on the Hetricks' standing as enumerated in this Court's order denying summary judgment (Doc. # 90), Ideal Image seeks an order certifying the standing issue to the Eleventh Circuit pursuant to 28 U.S.C. § 1292(b), and staying this case for the duration of the appeal.

28 U.S.C. § 1292(b) provides for interlocutory appeals of non-final orders as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b)(emphasis in original).

In Swint v. Chambers County Commission, 514 U.S. 35 (1995), the Supreme Court, interpreting Section 1292(b), explained that "Congress . . . chose to confer on district courts first line discretion to allow interlocutory appeals." Swint, 514 U.S. at 47. The Swint Court also explained that

Section 1292(b) permits a district judge to certify an order not otherwise appealable if the issue at hand is "pivotal and debatable" and if the appeal may materially advance the ultimate termination of the litigation Id. at 46.

Also discussing Section 1292(b), the Eleventh Circuit has explained that "Section 1292(b) sets a high threshold for certification to prevent piecemeal appeals" and "[m]ost interlocutory orders" do not meet the requirements of Section 1292(b). OFS Fitel, LLC v. Epstein, Case No. 07-10200, 2008 U.S. App. LEXIS 24676, at *36-37 (11th Cir. Nov. 28, 2008).

The Court finds that its order denying Ideal Image's motion for summary judgment, and the underlying issue of the Hetricks' standing, is not immediately appealable.[2] Thus, Ideal Image meets the first prong of the Section 1292(b) analysis. However, this Court denies certification because this Court does not find a substantial ground for difference of opinion on the issue of the Hetricks' standing. Furthermore, this Court finds that an appeal of the standing issue would impede, rather than advance, the ultimate termination of the litigation, especially because Ideal Image

---

[2] An order is final and appealable when it "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." McMahon v. Presidential Airways, Inc., 502 F.3d 1331, 1338 (11th Cir. 2007).

seeks a stay pending the requested appeal. It is within the Court's discretion to certify the standing issue pursuant to Section 1292(b). <u>Gillespie v. United States Steel Corp.</u>, 379 U.S. 148, 168 (1964). Acting within its discretion, this Court denies Ideal Image's request for a Section 1292(b) certification.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant's Motion to Reconsider, Alternative Request to Certify an Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b), and Incorporated Memorandum of Law (Doc. # 96) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 30th day of December, 2008.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:
All Counsel of Record

10