UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


RANDY HETRICK, individually,
and CINDY HETRICK, individually,

        Plaintiffs,

                       Case No. 8:07-cv-871-T-33TBM

v.

IDEAL IMAGE DEVELOPMENT
CORPORATION,

        Defendant.
_____/

**ORDER**

      This cause comes before the Court pursuant to Defendant's corrected motion in limine regarding punitive damages (Doc. # 117), which was filed on January 2, 2009, and Plaintiffs' response (Doc. # 114), which was filed on December 31, 2008. For the reasons that follow, this Court denies the motion in limine.

**A.**    **Defendant's Motion in Limine**

      Defendant seeks an order of this Court barring Plaintiffs from mentioning punitive damages at trial and prohibiting language regarding punitive damages from being included on the Court's instructions to the jury and the verdict form. Defendant asserts that its motion in limine should be granted because Plaintiffs never put Defendant on notice that Plaintiffs would seek punitive damages in this case.

Plaintiffs, on the other hand, contend that they were not required to obtain this Court's permission prior to seeking punitive damages.  In addition, Plaintiffs assert that Rule 54 of the Federal Rules of Civil Procedure allows Plaintiffs to assert a claim for punitive damages regardless of the fact that Plaintiffs' complaint does not contain a specific claim for punitive damages.

**B.   Analysis**

This Court must examine Florida Statute Section 768.72, the Federal Rules of Civil Procedure, and Eleventh Circuit precedent to resolve the issues framed by the parties.

Florida Statute Section 768.72 provides in pertinent part that "no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recover of such damages.  The claimant may move to amend her or his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure." Id. Thus, Florida law requires pre-approval for punitive damages claims.

The Eleventh Circuit, however, has determined that Florida Statute Section 768.72 is in direct conflict with Rule 8 of the Federal Rules of Civil Procedure, which requires a

"short and plain statement of the claim showing that the
pleader is entitled to relief; and a demand for the relief
sought." Rule 8(a)(2)-(3), Fed.R.Civ.P.   Specifically, in
Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072 (11th Cir.
2000), the court held:

> Florida Statute Section 768.72 conflicts with and
> must yield to the "short and plain statement" rule
> contained in Federal Rule of Civil Procedure
> 8(a)(3), and as a result a Florida plaintiff in
> federal court because of diversity jurisdiction
> need not obtain leave of court before pleading a
> request for punitive damages.

Cohen, 204 F.3d at 1072.

In the present case, Plaintiffs were not required to seek
leave of court before asserting a claim for punitive damages
against Defendant.   The next issue for this Court's
consideration is whether Plaintiffs should be permitted to
assert a claim for punitive damages at this late stage in the
proceedings.   Defendant asserts that this Court should not
allow a jury to consider the issue of punitive damages because
Plaintiffs failed to request punitive damages in their
operative complaint as well as in the pretrial statement.
This Court acknowledges that the issue of punitive damages is
being addressed on the eve of trial; however, the law of this
Circuit favors Plaintiffs.

Rule 54(c), Fed.R.Civ.P., states in pertinent part that:
"Every . . . final judgment should grant the relief to which

each party is entitled, even if the party has not demanded that relief in its pleadings."   The Eleventh Circuit has utilized this rule to allow recovery of punitive damages when punitive damages are not specifically sought in the pleadings or pretrial statement.

In Scutieri v. Paige, 808 F.2d 785 (11th Cir. 1987), the plaintiffs were victims of wiretapping, and the relevant wiretapping statute specifically included a provision for the award of punitive damages to victims of wiretapping. Id. at 791.   The Scutieri plaintiffs' complaint described the defendant's conduct as being committed "intentionally and maliciously, wantonly, willfully, in bad faith, with gross and reckless disregard for the rights and interest[s] of the [p]laintiffs." Id. at 792-793.   However, the Scutieri plaintiffs failed to specifically request punitive damages in their pretrial statement and also failed to include the words "punitive damages" in their "prayer for relief." Id. at 790-791 n.2.   The district court did not instruct the jury on punitive damages, and the plaintiffs appealed.   The Eleventh Circuit reversed the trial court's ruling on punitive damages.

Relying on Rule 54(c), Fed.R.Civ.P., the Scutieri court determined: "[A] specific prayer for punitive damages was unnecessary.   If the complaint alleges conduct that would support a claim for punitive damages, and if evidence is

-4-

presented creating a jury question on such relief, the judge commits reversible error in not instructing the jury on that issue." Scutieri, 808 F.2d at 792.   In reaching this conclusion, the court relied upon Guillen v. Kuykendall, 470 F.2d 745 (5th Cir. 1972), in which the court held, "It is not necessary to claim exemplary damages by specific denomination if the facts show that the wrong complained of was infected with malice, oppression, or other like circumstances of oppression." Id. at 748. (Internal citations omitted).

In the present case, the Plaintiffs' operative complaint (Doc. # 40) contains allegations of intentional fraudulent misrepresentation.  The Eleventh Circuit explained as follows in Palm Beach Atlantic College Inc. v. First United Fund, Ltd., 928 F.2d 1538 (1991):

> [U]nder Florida law, an award of punitive damages is proper when a defendant's conduct is characterized by willfulness, wantonness, maliciousness, gross negligence or recklessness, oppression, outrageous conduct, deliberate violence, moral turpitude, insult, or fraud. Furthermore, whether a fraudulent act is sufficiently outrageous so as to justify an award of punitive damages is a question for the jury.

Id. at 1546. (Internal citations omitted).

This court is required to present the punitive damages issue to the jury.  Thus, this Court denies Defendant's corrected motion in limine regarding punitive damages. (Doc. # 117).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED** that:

Defendant's corrected motion in limine regarding punitive

damages (Doc. # 117) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 5th

day of January, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record