UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANDY HETRICK, individually, and
CINDY HETRICK, individually,

     Plaintiffs,

v.                     CASE NO.  8:07-CV-871-T-33TBM

IDEAL IMAGE DEVELOPMENT
CORPORATION, a Florida corporation,

     Defendant.

_____/

**VERDICT**

We the Jury return the following verdict and make the
following findings of fact:

**Do you find from the preponderance of the evidence:**

1.    That prior to the sale of a franchise, a
representative of Ideal Image made statements
concerning the revenues that could be
expected from operating an Ideal Image
center, as alleged by the Hetricks?

    Answer: YES ___✶___ NO_____

    *If the answer to question 1 is "no", then
proceed to question 5.*

2.    If the answer to question 1 is "yes", that the
Hetricks are precluded by estoppel from claiming
reliance on such statements due to their
certifications to Ideal Image at the time their
corporation purchased a franchise?

    Answer: YES_____ NO ___✶___

1

*If the answer to question 2 is "yes", then proceed to question 5.*

3. If the answer to question 2 is "no", that the representative was authorized by Ideal Image to make such statements?

   Answer: YES ✕ NO_____

   *If the answer to question 3 is "no", then proceed to question 5.*

4. If the answer to question 3 is "yes", that such statements misrepresented existing material facts?

   Answer: YES_____ NO ✕

5. That statements contained in Ideal Image's Uniform Franchise Offering Circular misrepresented existing material facts concerning the total initial investment that might be needed to open and operate a typical Ideal Image Center?

   Answer: YES_____ NO ✕

   *If the answer to question 1, 3 or 4 is "no", and the answer to question 5 is also "no", skip all remaining questions and have your foreperson sign below. If the answer to questions 4 or 5 is "yes", then proceed to the following questions.*

6. That Ideal Image knew or should have known that its statements were false?

   Answer: YES_____ NO_____

7. If the answer to question 6 is "yes", that the Hetricks reasonably and justifiably relied upon such statements?

   Answer: YES_____ NO_____

2

8.   If the answer to question 7 is "yes", that the
     Hetricks' reliance upon the statements was the
     proximate cause of damages they suffered?

     Answer: YES_____ NO_____

     *If the answer to question 6, 7 or 8 is "no", skip all
     remaining questions and have your foreperson sign
     below.*

9.   That the Hetricks waived their claims by ratifying or
     affirming their corporation's franchise agreement after
     the Hetricks had discovered, or reasonably should have
     discovered, that such statements were false?

     Answer: YES_____ NO_____

     *If the answer to question 9 is "yes", skip the
     following question and have your foreperson sign below.*

10.  What are the TOTAL damages the Hetricks suffered as a
     proximate result of their reliance on false statements
     by Ideal Image?

     $ _____

11.  Please state whether punitive damages are warranted
     against Ideal Image.

     Answer: YES_____ NO_____

12. If you answered "yes" what is the total amount of punitive damages, if any, that you find, by the preponderance of the evidence, should be assessed against Ideal Image?

$ _____

**Please date and sign this verdict form and return it to the Courtroom.**

SO SAY WE ALL, this _____7ᵀᴴ_____ day of January, 2009.

KENNETH A. BLASSICK
_____
Print Jury Foreperson's Name

_____
Jury Foreperson's Signature

4