UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANDY HETRICK, individually,
and CINDY HETRICK, individually,

    Plaintiffs,

v.                      Case No. 8:07-cv-871-T-33TBM

IDEAL IMAGE DEVELOPMENT
CORPORATION,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Ideal Image's motion for entitlement to attorney's fees and taxable costs (Doc. # 135), which was filed on January 27, 2009. After due consideration, this Court stays the resolution of the motion.

## I. Procedural History

The Hetricks filed suit against Ideal Image on April 26, 2007, in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida seeking damages pursuant to Florida's Franchise Act, Florida Statute Section 817.416. (Doc. # 2).

On May 21, 2007, Ideal Image removed this case to this Court on the basis of complete diversity of citizenship pursuant to 28 U.S.C. § 1332. On May 24, 2007, Ideal Image filed its Motion to Dismiss for Failure to State a Claim,

seeking dismissal of the state court complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P. (Doc. # 5). Rather than responding to the motion to dismiss, the Hetricks filed an amended complaint (the "First Amended Complaint") on June 8, 2007. (Doc. # 6).

The First Amended Complaint contained four counts against Ideal Image. (Doc. # 6). The Hetricks alleged that Ideal Image violated Florida's Franchise Act (Count I), violated Florida's Deceptive and Unfair Trade Practices Act (Count II), fraudulently induced the Hetricks to pursue an Ideal Image franchise in Atlanta, Georgia (Count III), and made negligent misrepresentations to the Hetricks in discussing the establishment of a franchise relationship (Count IV). (Doc. # 6).

On June 29, 2007, Ideal Image filed its motion to dismiss the First Amended Complaint. (Doc. # 9). On September 18, 2007, the Court granted Ideal Image's motion to dismiss and allowed the Hetricks the opportunity to file a second amended complaint. (Doc. # 23).

On October 5, 2007, the Hetricks filed the Second Amended Complaint (Doc. # 25). The Second Amended Complaint echoed the prior versions of the complaint, but it also asserted new factual allegations. The Second Amended Complaint asserted

the same four counts as the First Amended Complaint: violation of Florida's Franchise Act (Count I), violation of Florida's Deceptive and Unfair Trade Practices Act (Count II), fraudulent inducement (Count III), and negligent misrepresentation (Count IV). (Doc. # 25).

On October 19, 2007, Ideal Image once again sought dismissal of the Hetricks' case. (Doc. # 26). On January 24, 2008, the Court granted the motion in part. After a detailed discussion, the Court dismissed with prejudice the Hetricks' claims under the Florida Franchise Act (Count I) and the Florida Deceptive and Unfair Trade Practices Act (Count II). (Doc. # 36). The Court dismissed without prejudice the Hetricks' common law claims for fraudulent inducement (Count III) and negligent misrepresentation (Count IV). (Doc. # 36). The Court permitted the Hetricks to file a Third Amended Complaint.

On March 10, 2008, the Hetricks filed the Third Amended Complaint. (Doc. # 40). The Third Amended Complaint purported to add CIRA as a plaintiff and contained the following counts: violation of Florida's Franchise Act as to CIRA (Count I), violation of Florida's Deceptive and Unfair Trade Practices Act as to CIRA (Count II), fraudulent inducement as to the Hetricks (Count III), fraudulent inducement as to CIRA (Count IV), negligent misrepresentation as to the Hetricks (Count V),

and negligent misrepresentation as to CIRA (Count VI). (Doc. # 40). Along with the Third Amended Complaint, the Hetricks filed their "Motion to Add Party Plaintiff" (Doc. # 41), seeking Court approval for the addition of CIRA as a plaintiff.

Ideal Image opposed the addition of CIRA as a plaintiff and also sought dismissal of the Third Amended Complaint. (Doc. ## 42, 43). On April 15, 2008, the Hetricks voluntarily withdrew their motion to add CIRA as a party. (Doc. # 54). With CIRA effectively dropped before it was added, the Court granted Ideal Image's motion to dismiss to the extent that it dismissed from the Third Amended Complaint those counts asserted by CIRA (counts I, II, IV, and VI). (Doc. # 57). With counts III and V of the Third Amended Complaint remaining, Ideal Image filed its motion for summary judgment on September 2, 2008. (Doc. # 70). On December 13, 2008, this Court entered an order denying Ideal Image's motion for summary judgment. (Doc. # 90).

**II. Ideal Image's Request for Fees and Costs**

On January 7, 2009, after a three day jury trial, the jury returned a verdict for Ideal Image. (Doc. ## 122-127). On January 13, 2009, this Court entered a Judgment in Ideal Image's favor (Doc. # 129). On January 27, 2009, Ideal Image

filed its bill of costs (Doc. # 134) and its motion for entitlement to attorney's fees and taxable costs. (Doc. # 135). Ideal Image asserts that it is entitled to an award of attorney's fees and costs on two independent theories as follows:

> First, Ideal Image is entitled to an award of the attorney's fees incurred by it prior to January 24, 2008, pursuant to the Florida Deceptive and Unfair Trade Practices Act. See 501.2105(1), Fla. Stat. (2008). Second, Ideal Image is entitled to recover the attorney's fees incurred by it since June 12, 2008, when Ideal Image served Plaintiffs with an Offer of Judgment pursuant to Section 768.79, Fla. Stat. (2008).

(Doc. # 135 at 2).

However, on February 10, 2009, the Hetricks filed an appeal of this Court's order dismissing the Hetricks' claim under the Florida Deceptive and Unfair Trade Practices Act (Doc. # 36), which was entered on January 24, 2008. (Doc. # 138). The Hetricks assert that this Court's January 24, 2008, order "became final upon Judgment [being] entered by this Court . . . on the 13th of January, 2009 (Doc. # 129)." (Doc. # 138 at 1).

Because the Hetricks appeal this Court's dismissal of the Florida Deceptive and Unfair Trade Practices Act claims, and the dismissal of such claims is one of Ideal Image's two theories backing its attorney's fees motion, this Court determines that it would be appropriate to stay Ideal Image's

request for attorney's fees and costs pending the resolution of the Hetricks' appeal. Such a stay will serve the interests of the parties and the interests of the Court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Ideal Image's motion for entitlement to attorney's fees and taxable costs (Doc. # 135) is **STAYED** pending the resolution of the Hetricks' appeal.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 18th day of February, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

copies to:

All counsel of record