UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANDY HETRICK and
CINDY HETRICK,

      Plaintiffs,
v.                           Case No.:   8:07-cv-871-T-33TBM

IDEAL IMAGE DEVELOPMENT
CORPORATION,

      Defendant.
_____/

**ORDER**

Defendant's Motion for Attorney's Fees and Taxable Costs (the "Motion for Attorney's Fees," Doc. 135) is before the Court. Defendant asks the Court to enter an Order finding that Defendant is the prevailing party on Plaintiffs' claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, *et. seq.* and is entitled to recover reasonable attorney's fees under FDUTPA and Fla. Stat. § 768.79, as well as $4,684.29 in costs. Plaintiffs failed to file a timely response. For the reasons that follow, the Court will deny the Motion for Attorney's Fees (Doc. 135) without prejudice.

**Procedural Background**

The procedural details of this case are set forth in detail in the Court's Order, dated February 18, 2009 (Doc.

142), and will not be repeated here. The pertinent procedural background follows.

Plaintiffs filed three complaints in this case (Docs. 6, 25 and 40). The Court issued an Order granting in part (the "Dismissal Order," Doc. 36) Defendant's Motion to Dismiss the Second Amended Complaint (Doc. 26). In the Dismissal Order, the Court dismissed with prejudice Plaintiffs' claims under the Florida Franchise Act (Count I) and FDUTPA (Count II) (Doc. 36). The Court also dismissed without prejudice Plaintiffs' common law claims for fraudulent inducement (Count III) and negligent misrepresentation (Count IV) (Doc. 36). The Dismissal Order permitted Plaintiffs to file a Third Amended Complaint. Plaintiffs filed the Third Amended Complaint containing six counts (Doc. 40). Two counts from the Third Amended Complaint survived Defendant's Motions to Dismiss Third Amended Complaint (Docs. 42, 43) and for Summary Judgment (Doc. 70). The parties proceeded to trial on the remaining counts.

On January 7, 2009, after a three day jury trial, the jury returned a verdict for Defendant. (Docs. 122-127). On January 13, 2009, the Court entered a Judgment in favor of Defendant (Doc. 129). On January 27, 2009, Defendant filed a

Bill of Costs (Doc. 134) and the Motion for Attorney's Fees (Doc. 135).

On February 10, 2009, Plaintiffs filed an appeal of the Court's Order dismissing Plaintiffs' claim under the FDUTPA (Doc. 36), entered on January 24, 2008 (Doc. 138).

**Analysis**

As a general rule, the filing of a notice of appeal divests a district court of jurisdiction with respect to any matters involved in the appeal. Taylor v. Sterrett, 640 F.2d 663, 667-668 (5th Cir. 1981); see also Silverthorne v. Laird, 460 F.2d 1175, 1178 (5th Cir. 1972).[1]  The Court has discretion to deny a motion for attorney's fees and costs without prejudice to re-file after the appeal has concluded. The Advisory Committee Notes to Rule 54(d)(2) read, in pertinent part, "[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." See Advisory Committee Notes to the 1993 amendment to Rule 54(d)(2).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the Fifth Circuit Court of Appeals prior to the close of business on September 30, 1981, as binding precedent.

Initially, the Court stayed its consideration of the Motion for Attorney's Fees (Doc. 142). However, the Court now finds that there is no good cause for the Motion for Attorney's Fees to remain pending during the appeal. The Court also notes that attorney's fees and costs are often resolved in appellate mediation. See <u>Larson v. Correct Craft, Inc.</u>, 6:05-cv-686-Orl-31-GKJ, 2008 U.S. Dist. LEXIS 32311, *3 (M.D. Fla. Apr. 18, 2008). Thus, the Court will deny the Motion for Attorney's Fees without prejudice. If the circumstances warrant, Defendant may refile the Motion for Attorney's Fees following resolution of the appeal.

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED**:

The Motion for Attorney's Fees (Doc. 135) is **DENIED WITHOUT PREJUDICE.**

**DONE** and **ORDERED** from Chambers in Tampa, Florida, this <u>22nd</u> day of June 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All counsel of record