```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

RANDY and CINDY HETRICK,

        Plaintiffs,

v.                                Case No.   8:07-cv-871-T-33TBM

IDEAL IMAGE DEVELOPMENT
CORPORATION,
        Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Randy and Cindy Hetricks' Motion in Limine to Exclude Testimony of Mark C. Siebert (Doc. # 177), filed on January 11, 2011.  Defendant Ideal Image Development Corporation filed its Response in Opposition (Doc. # 184) on January 26, 2011.  The parties agreed that the Court could resolve this matter based on the parties' written submissions and did not request a Daubert hearing.  (Docs. ## 211, 214).  For the reasons that follow, this Court denies the Hetricks' Motion in Limine.

**I. Legal Standard**

The district court has broad discretion to determine the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of discretion. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998); see also United States v. Jernigan, 341 F.3d 1273, 1285 (11th Cir. 2003)("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely

within the purview of the district court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.")

A formal Daubert hearing is not necessary in all cases. <u>Cook v. Sheriff of Monroe County, Fla.</u>, 402 F.3d 1092, 1113 (11th Cir. 2005)(the trial court is under no obligation to hold a Daubert hearing); <u>U.S. v. Frazier</u>, 387 F.3d 1244, 1274 n. 4 (11th Cir. 2004)("In some cases, an evidentiary hearing is unnecessary because the parties' reciprocal submissions are sufficient to enable the court to resolve the reliability issue without taking live testimony.") The parties agreed that the Court could resolve this matter based on the parties' written submissions alone and neither party requested a Daubert hearing. (Docs. ## 211, 214). The Court determines that a Daubert hearing is not required.

## II. **Analysis**

The Hetricks assert that Ideal Image should be prohibited from eliciting testimony from Mr. Siebert because: (1) his testimony is irrelevant to the causation element; and (2) his testimony is prohibited pursuant to <u>Daubert</u> and Federal Rule of Evidence 702. (Doc. # 177 at 2). This Court will address each argument in turn.

### A. **Relevancy**

The Hetricks request that this Court prohibit Ideal Image from calling Mr. Siebert as an expert, or from introducing his report, because they submit that his testimony is not relevant to the issue

of causation.  Id.  Federal Rule of Evidence 402 states: "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority.  Evidence which is not relevant is not admissible."

This Court has reviewed Mr. Siebert's report (Doc. # 163-1) and determines that the report is relevant to the possible cause of the Hetricks' financial loss.  Based on information contained in his report, Mr. Siebert concludes that the Hetricks' loss was proximately caused by the failure of I.I. Holdings, rather than by statements made by representatives of Ideal Image.  (Doc. # 163-1 at 19, 21-23).  This appears to be Ideal Image's theory regarding causation.  Accordingly, this Court concludes that Mr. Siebert's testimony is relevant to the issue of causation.

**B.   Daubert and Federal Rule of Evidence 702**

Pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 597 (1993), this Court serves a gatekeeper role in evaluating the admissibility of expert evidence and testimony.  In Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 141 (1999), the Court explained "Daubert's general holding-setting forth the trial judge's general 'gatekeeping' obligation-applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge."  Id.

Federal Rule of Evidence 702, governing the admissibility of expert evidence provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The Eleventh Circuit has adopted a three part analysis for determining whether expert testimony is admissible under Daubert and Federal Rule of Evidence 702. Under this analysis, expert evidence is admissible if the court finds: (1) the expert is competent and qualified to testify regarding the matters that he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable; and (3) the expert, through scientific, technical or specialized expertise, provides testimony that will assist the trier of fact to understand the evidence or determine a fact in issue. See Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1340-41 (11th Cir. 2003)(citing City of Tuscaloosa v. Harcros Chems., Inc., 158 F.3d 548, 562 (11th Cir. 1998)(citing Daubert, 509 U.S. at 589)); Maiz v. Virani, 253 F.3d 641, 665 (11th Cir. 2001).

### 1. **Competence and Qualification**

The Hetricks first argue that Mr. Siebert is not competent to testify as an expert. (Doc. # 177 at 5). Under Rule 702, a witness may be qualified as an expert by virtue of his "knowledge, skill, experience, training or education." Mr. Siebert has a Master's degree in Business Administration from Northern Illinois University and he is the Chief Executive Officer of the iFranchise Group, a franchise consulting firm. (Doc. # 163-1 at 25, 28). Mr. Siebert's credentials indicate that he has been consulting franchisors for over twenty years, including "start up" franchises like Ideal Image. Id. at 25-37. "As a key part of that consulting work," Ideal Image submits that "Mr. Siebert routinely advises clients on business models that would facilitate successful franchisees." (Doc. # 184 at 6).

Mr. Siebert is affiliated with numerous franchise associations, has received awards for his work in the field of franchising, and has served as an expert witness on franchise issues. (Doc. # 163-1 at 28-31). As listed in full in his report, Mr. Siebert has also published a plethora of articles on the topic of franchising and has given numerous seminars and speeches in the United States and abroad on the topic of franchising. Id. at 32-36.

Franchising has been recognized as an appropriate subject for expert testimony. TCBY Sys., Inc. v. RSP Co., Inc., 33 F.3d 925,

929 (8th Cir. 1994) (expert in franchising permitted to opine on what is reasonable in the "franchise industry"). This Court concludes that Mr. Siebert is competent to testify as an expert in this matter by virtue of his knowledge, skill, training and experience. See Quiet Tech. DC-8, 326 F.3d at 1343 (by virtue of extensive education, training and experience, witness was properly qualified as an expert).

**2. Methodology**

Next, the Hetricks submit that Mr. Siebert's methodology is not reliable, and that he failed to consider relevant factors in his report. (Doc. # 177 at 7). The law grants a district court "substantial discretion in deciding how to test an expert's reliability and whether the expert's relevant testimony is reliable." United States v. Majors, 196 F.3d 1206, 1215 (11th Cir. 1999).

Ideal Image asserts that Mr. Siebert's testimony is primarily based on CIRA's and I.I. Holdings' financial records, as well as on the sales revenues automatically reported by Ideal Image through its electronic point-of-sale system. (Doc. # 184 at 8). This is the type of information Mr. Siebert typically reviews in his work as a franchise consultant, and his report discloses all of the information he used to form his opinion. (Docs. ## 184 at 8; 163-1 at 22-23). After studying the disclosed information, Mr. Siebert "appli[es] his twenty years of experience . . . to those actual

financial results to arrive at his opinions." (Doc. # 184 at 8). An expert may properly base his testimony on "professional studies or personal experience." <u>Kumho Tire Co., Ltd.</u>, 526 U.S. at 152 (1999).

The Court concludes that Mr. Siebert's methodology meets the reliability test. <u>See</u> <u>Bauman v. Centex Corp.</u>, 611 F.2d 1115, 1120-21 (5th Cir. 1980) (upholding a district court's admission of testimony of management consultant and CPA who based his testimony on a review of company files); <u>Enercomp, Inc. v. McCorhill Pub., Inc.</u>, 873 F.2d 536, 550 (2nd Cir. 1989) (upholding decision of district court admitting expert testimony where witness had considerable experience in the field and where "appellants had ample opportunity to elicit these facts and argue them to the jury"); <u>Firestone Tire & Rubber Co. v. Pearson</u>, 769 F.2d 1471, 1483 (10th Cir. 1985) (noting that where plaintiff argued that accountant expert witness testified on "'speculation derived from incomplete data,' admission of his testimony and opinions was not an abuse of discretion when 'he fully disclosed any inadequacies in the information he was relying on and he was subjected to a thorough cross-examination.'")(quoting <u>Scholz Holmes, Inc. v. Wallace</u>, 590 F.2d 860, 863 (10th Cir. 1979).

The Hetricks also contend that Mr. Siebert's testimony is not reliable because he does not consider all "relevant factors" in his report. (Doc. # 177 at 7). However, an expert's conclusions

-7-

"should not be excluded because he or she has failed to rule out every possible alternative cause." See Westberry v. Gislaved Gummi AB, 178 F.3d 257, 265 (4th Cir. 1999). The Hetricks' objections directed to the reliability of Mr. Siebert's opinion go to the weight of his testimony, rather than its admissibility. See Maiz, 253 F.3d at 669 (noting that objections to methodology go to weight and sufficiency, not admissibility). This Court concludes that Mr. Siebert's proffered opinions satisfy the reliability requirement for admissibility.

   **3. Assist the Trier of Fact**

Finally, the Hetricks contend that Mr. Siebert's testimony is not admissible because it will not aid the trier of fact. (Doc. # 177 at 8). Under Rule 702, properly qualified experts may testify in a given field if their testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue." An expert's testimony will assist the trier of fact when it offers something "beyond the understanding and experience of the average citizen." United States v. Paul, 175 F.3d 906, 911 (11th Cir. 1999)(quoting United States v. Rouco, 765 F.2d 983, 995 (11th Cir. 1985)). As previously noted, the franchise industry is an appropriate subject for expert testimony, and the Court concludes that Mr. Siebert's testimony will assist the trier of fact in determining facts in issue, particularly regarding the cause of the

Hetricks' financial loss. <u>TCBY Sys., Inc. v. RSP Co., Inc.</u>, 33 F.3d 925, 929 (8th Cir. 1994).

### III. Conclusion

This Court concludes that Mr. Siebert's testimony is relevant to the issue of causation and admissible. Randy and Cindy Hetricks' Motion in Limine to Exclude Testimony of Mark C. Siebert (Doc. # 177) is denied.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED** that:

Randy and Cindy Hetricks' Motion in Limine to Exclude Testimony of Mark C. Siebert (Doc. # 177) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>17th</u> day of February, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record