UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANDY HETRICK
and CINDY HETRICK,

     **Plaintiffs,**

v.                                   Case No.  8:07-cv-871-T-33TBM

IDEAL IMAGE DEVELOPMENT
CORPORATION,

     **Defendant.**
                                       /

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on referral by the Honorable Virginia M. Hernandez Covington for a Report and Recommendation on **Defendant's Motion for Entitlement to Attorneys' Fees** (Doc. 231).  By its motion, Ideal Image Development Corporation ("Ideal Image") argues that it is entitled to an award of reasonable attorneys fees, pursuant to Section 501.2105 of the Florida Statutes, for the fees it incurred from May 18, 2010, the date the Eleventh Circuit's mandate issued remanding this case, through March 3, 2011, the date that final judgment was entered in its favor on Plaintiffs' claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").  Plaintiffs, Randy and Cindy Hetrick ("the Hetricks") have filed a response in opposition (Doc. 235).  For the reasons that follow, it is recommended that the motion be denied.

A.

In this case, the Hetricks sued Ideal Image, a franchisor of cosmetic laser hair removal outlets, alleging that Ideal Image misrepresented the cost of opening an Ideal Image franchise and the extent of its likely profitability, which led to the loss of the Hetricks' investment in their Ideal Image franchise. The franchise agreement underlying this dispute was entered into by Ideal Image and CIRA Corporation ("CIRA"), a corporation formed by the Hetricks when purchasing the Ideal Image franchise and of which the Hetricks were the sole shareholders. A brief procedural history follows.

The Hetricks filed suit against Ideal Image on April 26, 2007, seeking damages pursuant to the Florida Franchise Act ("FFA"). (Doc. 2). Shortly thereafter, Ideal Image filed a motion to dismiss. (Doc. 5).

In June 2007, rather than responding to the motion to dismiss, the Hetricks filed an amended complaint (the "First Amended Complaint"). (Doc. 6). By the First Amended Complaint, the Hetricks alleged that Ideal Image violated the FFA (Count I), violated the FDUTPA (Count II), fraudulently induced the Hetricks to pursue an Ideal Image franchise in Atlanta, Georgia (Count III), and made negligent misrepresentations to the Hetricks in discussing the establishment of a franchise relationship (Count IV). (Doc. 6). Ideal Image moved to dismiss the First Amended Complaint. (Doc. 9). The court granted Ideal Image's motion to dismiss and granted leave to amend. (Doc. 23).

In October 2007, the Hetricks filed a Second Amended Complaint. (Doc. 25). Therein, the Hetricks included additional factual allegations but asserted the same four counts

as in the First Amended Complaint: violation of FFA (Count I), violation of FDUTPA (Count II), fraudulent inducement (Count III), and negligent misrepresentation (Count IV).  (Doc. 25). Ideal Image again moved for dismissal.  (Doc. 26).  The court granted its motion.  In doing so, the court dismissed with prejudice the Hetricks' claims under the FFA (Count I) and the FDUTPA (Count II), finding that the Hetricks, individually, did not have standing to recover their investment in CIRA under the FFA or FDUTPA, and dismissed without prejudice the Hetricks' common law claims for fraudulent inducement (Count III) and negligent misrepresentation (Count IV).  (Doc. 36).  The court again granted the Hetricks leave to amend.

In March 2008, the Hetricks filed a Third Amended Complaint.  It purported to add CIRA as a party plaintiff and contained the following counts:  violation of the FFA as to CIRA (Count I), violation of the FDUTPA as to CIRA (Count II), fraudulent inducement as to the Hetricks (Count III), fraudulent inducement as to CIRA (Count IV), negligent misrepresentation as to the Hetricks (Count V), and negligent misrepresentation as to CIRA (Count VI).  (Doc. 40).  The Hetricks also filed a motion to add CIRA as a party plaintiff. (Doc. 41).  Ideal Image opposed the addition of CIRA as a plaintiff and sought dismissal of the Third Amended Complaint.  (Docs. 42, 43).  The Hetricks voluntarily withdrew their motion to add CIRA as a party.  (Doc. 54).  With CIRA effectively dropped before it was added, the court granted Ideal Image's motion to dismiss to the extent that it dismissed from the Third Amended Complaint those counts asserted by CIRA (Counts I, II, IV, and VI).

3

(Doc. 57). With Counts III and V of the Third Amended Complaint remaining, Ideal Image filed its motion for summary judgment (Doc. 70), which the court denied (Doc. 90).

In January 2009, a trial was conducted on the remaining counts. Following a two-day trial, the jury returned a verdict for Ideal Image. (Doc. 127). Judgment was entered against the Hetricks. (Doc. 129). The Hetricks did not challenge the jury verdict but timely appealed the court's Order (Doc. 36) dismissing their Second Amended Complaint to the extent it dismissed with prejudice their individual claims under the FAA and the FDUTPA. (Doc. 138).

In April 2010, the Eleventh Circuit affirmed this court's dismissal of the Hetricks' individual claim brought pursuant to the FAA, but reversed the dismissal of the Hetricks' claim under the FDUTPA (Count III of the Second Amended Complaint) and remanded the case for further proceedings. (Doc. 152).

On February 28, 2011, a trial was conducted on the FDUTPA claim. Following a two-day trial, the jury determined that the statements made by Ideal Image representatives to the Hetricks prior to the sale of the franchise were unfair or deceptive and that the unfair or deceptive statements made to the Hetricks by Ideal Image representatives were the proximate cause of actual damages suffered by the Hetricks. (Doc. 229). The jury, however, further found that the Hetricks waived their claim by continuing to operate as a franchise, as well as by signing a new agreement with Ideal Image, after they knew what revenues and expenses were being incurred by their corporation in operating its Ideal Image center. *Id.*

Consequently, the jury's verdict was for Ideal Image (Doc. 229) and Judgment was entered against the Hetricks (Doc. 230).

On March 9, 2011, Ideal Image filed its instant Motion for Entitlement to Attorneys' Fees. (Doc. 231).

By its motion, Ideal Image seeks a ruling that it is entitled to an award of attorneys' fees, pursuant to Federal Rule of Civil Procedure 54(d)(2)(C) and § 501.201, et seq., Florida Statutes (FDUTPA), for the time period May 18, 2010, through March 3, 2011.[1] Ideal Image contends that it is entitled to fees under the FDUTPA because it is the prevailing party in this litigation. Citing *Humane Society of Broward County, Inc. v. Florida Humane Society*, 951 So. 2d 966, 970-71 (Fla. Dist. Ct. App. 2007), it notes that it need not show that the Hetricks' FDUTPA claim was frivolous or lacking to recoup its fees and costs under the statute.[2] Under these circumstances, Ideal Image summarily urges that the court should award Ideal Image its reasonable attorneys' fees incurred from May 18, 2010, through March 3, 2011. (Doc. 231).

In response, the Hetricks urge the court to exercise its discretion and deny Ideal Image's motion given the jury's finding that Ideal Image had engaged in a deceptive and unfair practice that was the proximate cause of their damages and prevailed only because of the common law affirmative defense of waiver. The Hetricks also urge that consideration of

---

[1]This period begins on the date that the Eleventh Circuit's mandate issued remanding the Hetricks' FDUTPA claim and ends on the date that Judgment was entered against the Hetricks.

[2]Should the court find that it is entitled to an award of fees and costs, Ideal Image requests leave to submit affidavits and a supplemental memorandum supporting the value and reasonableness of its attorneys' services. It estimates that it will seek to recoup approximately $230,000.00 in fees and costs. (Doc. 231 at 3, ¶ 4).

the factors set forth in *Humane Society of Broward County* favors them because (1) they prevailed on the merits of their FDUTPA claim, (2) they do not have the ability to pay their own lawyer let alone an estimated $230,000 award of fees for defense counsel, and (3) it would not serve the purpose of FDUTPA to allow Ideal Image, a so-called "deep pocket" company, to recover its attorney's fees against two virtually insolvent individuals. (Doc. 235).

B.

Under the American Rule, which is the controlling rule in Florida and federal courts, a prevailing party is ordinarily not entitled to recover attorney's fees except by contract or statute. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001); *Price v. Tyler*, 890 So. 2d 246, 250 (Fla. 2004). Here, the sole ground on which Ideal Image bases its entitlement to attorney's fees is statutory, namely, the Florida Deceptive and Unfair Trade Practices Act. The FDUTPA provides, in pertinent part, that:

> [i]n any civil litigation resulting from an act or practice involving a violation of this part . . . the prevailing party,[3] after judgment in the trial court and exhaustion of all appeals, if any,[4]

---

[3]To be a prevailing party under the FDUTPA, the party must be awarded a favorable judgment on the FDUTPA claim and recover a net judgment in the entire case. *See Heindel v. Southside Chrysler-Plymouth, Inc.*, 476 So. 2d 266, 269-70 (Fla. Dist. Ct. App. 1985); *Ghodrati v. Miami Paneling Corp.*, 770 So. 2d 181, 183 (Fla. Dist. Ct. App. 2000); *CrossPointe, LLC v. Integrated Computing, Inc.*, No. 6:03-cv-558-Orl-19JGG, 2007 WL 1192021, at *4 (M.D. Fla. Apr. 20, 2007). Judgment in this case was "entered against Plaintiffs, Randy & Cindy Hetrick." (Doc. 230). The Hetricks do not argue that Ideal Image is not a "prevailing party" under the FDUTPA.

[4]The statute requires that the prevailing party request such fees and costs at the close of judgment in the trial court *and* exhaustion of all appeals. Fla. Stat. § 501.2105(1). Pursuant to Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, the time for preserving an appeal in this case has passed.

6

> may receive [its] reasonable attorney's fees and costs from the
> nonprevailing party.

Fla. Stat. § 501.2105(1).  Significantly, the award of fees and costs under the FDUTPA is a matter committed solely to the discretion of the trial court, it is not mandatory.  *See Humane Soc'y of Broward Cnty.*, 951 So. 2d at 968.  In exercising that discretion, courts typically balance the following non-exhaustive factors:  (1) the scope and history of the litigation; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances; (4) the merits of the respective positions including the degree of the opposing party's culpability or bad faith; (5) whether the claim brought was not in subjective bad faith but frivolous, unreasonable, or groundless; (6) whether the defense raised a defense mainly to frustrate or stall; and (7) whether the claim brought was to resolve a significant legal question under FDUTPA law.  *Id*. at 971-972.  The party moving for fees bears the burden of demonstrating an entitlement to fees under the FDUTPA.  *CrossPointe, LLC,* 2007 WL 1192021, at *5 (denying FDUTPA fees where movant failed to meet burden).

Upon careful consideration of the pleadings and applicable law, I conclude that Ideal Image has failed to meet its burden of establishing its entitlement to attorney's fees under the FDUTPA.  Although it cites to *Humane Society of Broward County*, *see* (Doc. 231 at 4), Ideal Image fails to acknowledge the discretionary nature of a fee award under the FDUTPA and, most significantly, it does not address the factors typically considered in addressing whether

an award of fees is appropriate.[5] Ideal Image's failure to show its entitlement to fees under Florida law is, in of itself, arguably grounds for denying its motion. *See CrossPointe, LLC,* 2007 WL 1192021, at *5; *see also, N. Am. Clearing, Inc. v. Brokerage Computer Sys., Inc.*, No. 10-10943, 2010 WL 3446877, at *1-2 (11th Cir. 2010) (unpublished)[6] (providing that defendant waived issue on appeal of attorney's fees under the FDUTPA where its argument to trial court failed to reference the factors Florida courts consider when determining appropriateness of discretionary fee awards).

In any event, consideration of the applicable factors weighs against Ideal Image.[7] In particular, consideration of the third, fourth, and fifth factors undercut Ideal Image's claim of entitlement to fees. As urged by the Hetricks, Ideal Image fails to address the jury's finding that it had in fact violated by FDUTPA. That fact and Ideal Image's omission of the same is significant. Awarding fees to a defendant under these circumstances, i.e., when the defendant was found to have violated the FDUTPA, runs contrary to the statute's purpose. *See S.D.S. Autos, Inc. v. Chrzanowski*, 976 So. 2d 600, 606 (Fla. Dist. Ct. App. 2007) (noting that attorney fee provisions of the FDUTPA "are intended to ensure the efficacy of the Act's private enforcement scheme, not to doom its failure"). As urged by the Hetricks, the fact that they prevailed in proving they were the victims of an unfair and deceptive trade practice

---

[5]Rather, Ideal Image simply urged that it did not have to demonstrate that the Hetricks' claim was frivolous or lacked merit and, as a result, it was entitled to fees.

[6]Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority.

[7]Not all factors appear relevant to the facts of this case.

8

indicates that their claim was not frivolous or groundless and demonstrates Ideal Image's culpability. While Ideal Image is correct in urging that it need not demonstrate the Hetricks' claim was frivolous or lacking in merit in order to recover fees under the FDUTPA, it is incorrect to assume that the same need not be considered at all. Its failure to do so is heightened by the fact that it points to no other factors that support an award of fees. Under these circumstances, an award of attorney's fees under the FDUTPA could well serve to discourage claimants with otherwise meritorious claims. For these reasons, the court should exercise its discretion and deny Ideal Image's motion.

Consideration of the remaining factors does not tip the scale the other way. The scope and history of the litigation, while protracted, should not militate against the Hetricks given the jury's finding of culpability as to Ideal Image on the FDUTPA claim. As for the ability of Hetricks to satisfy an award of fees, the record evidence of it is slim, but such as it is, it favors the denial of fees. Thus, the Hetricks' counsel has asserted in his response that the Hetricks do not have the ability to pay an estimated $230,000 award of fees or the fees incurred by him. Conversely, the Hetricks' counsel notes that Ideal Image is the "deep pocket" party in this case and it would not serve the purposes of the FDUTPA to allow it to recover fees against the Hetricks. In any event, as noted above, an award of fees against the Hetricks in these circumstances would likely deter future plaintiffs from pursuing meritorious claims under the FDUTPA. Regarding the last factors, they are a wash. There is no evidence that Ideal Image raised a defense mainly to frustrate the litigation and it does not appear that the claim was brought to resolve a significant legal question under FDUTPA law.

In sum, I find that a balancing of the equities militates against an award of fees.

C.

Accordingly, for the aforesaid reasons, it is RECOMMENDED that **Defendant's Motion for Entitlement to Attorneys' Fees** (Doc. 231) be **DENIED**.

                                                                             Respectfully submitted on this
26th day of July 2011.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.

Copies to:
United States District Judge
Counsel of Record